AIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00318-RM-CBS

DANIELE LEDONNE,

      Plaintiff,

v.

DR. BEVERLEE MCCLURE, in her official capacity as President of Adams State
University, and in her individual capacity; and
PAUL GROHOWSKI, in his official capacity as Chief of Adams State Police
Department, and in his individual capacity

      Defendants.

---

## DEFENDANTS' PARTIAL MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [DOC. #41-1]

---

Defendants, Dr. Beverlee McClure and Paul Grohowski, through undersigned counsel, move to dismiss Plaintiff's first, third, and fourth claims for relief in the First Amended Complaint [Doc. #41-1], pursuant to Fed. R. Civ. P. 12(b)(6), and in support state the following:

### PRACTICE STANDARD M-2(a)

As explained more completely below Plaintiff's first, third and fourth claims for relief cannot be corrected by amendment and should be dismissed as a matter of law. Undersigned Defense counsel expressed their intention to Plaintiff's counsel of filing a partial motion to dismiss during the Rule 26(f) conference.

## INTRODUCTION

On October 14, 2015, Plaintiff, a former employee of Adams State University (ASU), was served with a no trespass order directing him to stay off the ASU campus. [*First Amended Complaint,* Doc. #41-1 at ¶ 1, 16, 19]. Plaintiff's Complaint alleges four United States Constitutional violations: (1) a Fourteenth Amendment procedural due process violation; (2) retaliation for the exercise of his First Amendment rights; (3) a Fourteenth Amendment equal protection violation; and (4) a First Amendment violation of his right of access to information. [*Id.* at ¶ 96-154]. Defendants are sued in both their official and individual capacities. [*Id.* at ¶ 10-11]. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. [*Id.* at ¶ 6]. In his first, third, and fourth claims for relief, Plaintiff seeks a declaration that his constitutional rights were violated by the no trespass order, injunctive relief to lift the order, and actual damages. [*Id.* at ¶ 120, 142, 154]. For the reasons stated more completely below, Plaintiff's first, third and fourth claims should be dismissed.

## ARGUMENT

### I.     The first claim for relief should be dismissed.

A Fourteenth Amendment due process claim involves two elements: (1) whether plaintiff possesses a constitutionally protected liberty or property interest, and (2) if so, whether plaintiff received an inappropriate level of process. *Couture v. Bd. of Educ. Albuquerque Pub. Schs.,* 535 F.3d 1243, 1256 (10th Cir. 2008). The

question of whether a liberty or property interest exists is ultimately a question of federal constitutional law. *Estate of Dimarco v. Wyoming Dept. of Corrections,* 473 F.3d 1334, 1339 n.3 (10th Cir. 2007); *Town of Castle Rock v. Gonzales,* 545 U.S. 748, 756 (10th Cir. 2005). For the reasons stated more completely below, Plaintiff's allegations do not state a claim for a procedural due process violation.

### A.   Plaintiff does not have a constitutionally protected interest.

Plaintiff alleges that his rights under the United States Constitution were violated. [*First Amended Complaint,* Doc. #41-1 at ¶ 6]. Relying on the Colorado Supreme Court case *Watson v. Board of Regents of the University of Colorado,* 512 P.2d 1162 (1973), Plaintiff alleges that he has a constitutionally protected interest in accessing ASU's campus. [*First Amended Complaint,* Doc. #41-1 at ¶ 100]. But a state court's interpretation of federal law is not binding on a federal court. "It is beyond cavil that we are not bound by a state court's interpretation of federal law" regardless of the jurisdictional basis. *Wilder v. Turner,* 490 F.3d 810, 814 (10th Cir. 2007), citing *Grantham v. Avondale Industries, Inc.,* 964 F.2d 471, 473 (5th Cir. 1992). "[F]ederal law is controlling on the issue of due process under the United States Constitution." *Data Disc, Inc. v. Systems Technology Associates,* 557 F.2d 1280, 1286 (9th Cir. 1977).

A review of federal law shows that the United States Supreme Court has held that in the First Amendment context, "a university differs in specific respects from public forums such as streets or parks or even municipal streets." *Widmar v.*

3

*Vincent,* 454 U.S. 263, 267-268 n.5 (1981). Because a university's mission is educational, Supreme Court decisions "have never denied a university's authority to impose reasonable regulations compatible with that mission upon the use of its campus and facilities." *Id.* Therefore, the Court "[has] not held, for example that a campus must make all of its facilities available to students and nonstudents alike, or that a university must grant free access to all of its grounds or buildings." *Id.*

Colorado federal district courts have held that parents do not have a constitutionally protected right to enter their child's elementary school campus. In *O'Connor v. Bassoff,* No. 15-cv-02121-GPG, 2015 U.S. Dist. LEXIS 162366, at *4-5 (D. Colo. Dec. 3, 2015), a parent was banned from his child's school campus unless he had the principal's prior approval because the parent was allegedly being "hostile and confrontational" with school staff. The district court found that "the law is well established that parents have no constitutional right to physically access school grounds." *Id.* at *10; *Abegg v. Adams/Arapahoe Sch. Dist. J8/Aurora Pub. Schs.,* No. 12-cv-01084-REB-MJW, 2012 U.S. Dist. LEXIS 187055, at *13-17 (D.Colo. Oct. 9, 2012); *Knight v. Bieneman,* No. 14-cv-2641-WJM-CBS, 2015 U.S. Dist. LEXIS 4305, at *18-19 (D. Colo. Jan. 14, 2015).

Factual disputes over a plaintiff's alleged conduct are immaterial in determining whether or not a plaintiff has a constitutionally protected right. *O'Connor,* No. 15-cv-02121-GPG, 2015 U.S. Dist. LEXIS 162366, at *10-11. In support of that proposition, the district court in *O'Connor* referenced a New Jersey

4

federal district court case where the judge "acknowledged that the substance and tone of plaintiff's contacts with the school were in genuine dispute, but held the disputes were not material to the underlying assertion of a violation of plaintiff's constitutional rights." *Id.* at 11.  Accordingly, the court in *O'Connor* held that "even if, as Plaintiff alleges, he was not threatening or abusive, the Defendants' actions did not violate his constitutional due process." *Id.* at *10.

On the university level, the Second Circuit Court of Appeals has held that a plaintiff who was a nonstudent and non-employee when he received a persona non grata letter excluding him from a university campus for reportedly making threats of violence to a faculty member had the status of a visitor and therefore did not "have a Fourteenth Amendment liberty or property interest in being present on campus." *Moore v. Ricotta,* No. 01-7264, 2002 U.S. App. LEXIS 19742, at *3 (2nd Cir. 2002).

Similarly, a Fourth Circuit district court held that neither an alumnus nor a prospective student had a constitutionally protected interest in accessing campus facilities. *Uzoukwu v. Prince George's Community College Board of Trustees,* No. DKC 12-3228, 2013 U.S. Dist. LEXIS 115262, at *21-22 (D. MD August 15, 2013) ("The prevailing rule is that alumni of public education institutions do not have a constitutionally protected interest in accessing campus facilities."). While two earlier Fourth Circuit district court decisions found that members of the general public had been improperly excluded from campus grounds, neither case discussed

the specific constitutional protected interest that was allegedly abridged. *Dunkel v. Elkins,* 325 F. Supp. 1235 (D. MD 1971); *Williams v. West Virginia University Board of Governors,* 782 F. Supp. 2d 219 (N.D. WV 2011). An Eighth Circuit district court held that "members of the general public have neither a liberty nor property interest in being present on a university campus, and, absent any such interest, are not entitled to the procedural due process protections of the Fourteenth Amendment." *Holbach v. Jenkins,* No. 4:09-cv-026, 2009 U.S. Dist. LEXIS 67525, *14-15 (D. N.D. July 15, 2009).

The Ninth Circuit Court of Appeals has held that there is no constitutionally protected interest for non-students and non-employees to be on a public university campus. In *Souders v. Lucero,* 196 F.3d 1040, 1044 (9th Cir. 1999), a university issued a partial exclusion ban against an alumnus accused of stalking, and then broadened the ban to include the entire campus after the alumnus violated the initial restriction. When the alumnus challenged the restriction the court held that the university had "not so completely abandoned control that [its campus became] indistinguishable from a public street." *Id.* at 1046.[1] Therefore, the court held that the plaintiff had failed to establish a constitutionally protected interest in having access to the university. *Id.* Accordingly, the court held that because there was no

---

[1] The court cited *Watson* as an example where the validity of an exclusion order was denied.

6

constitutionally protected interest it need not decide whether the due process procedures were adequate. *Id.*

In a Ninth Circuit district court case, an unsuccessful job applicant for a university position seeking to protest the university's application process alleged that his First Amendment rights were violated when the university directed that his communications be restricted to university general counsel and prohibited him from contacting university employees. *Player v. University of Idaho-Moscow,* No. 3:14-CV-00128-EJL-REB, 2015 U.S. Dist. LEXIS 175398, at *7 (D. Idaho August 3, 2015). Relying on *Souders,* the district court held that "non-students, including alumni, do not have the same rights to travel around the campus and access its buildings and programs as do the students and employees." *Id at* *8. Therefore, the district court held that the exclusion of the non-student from the campus did not violate his constitutional rights. *Id.* at *9.

Along these same lines the Eleventh Circuit has held that in the university context, "the First Amendment does not guarantee access to property just because it is owned by the government." *Bloedorn v. Grube,* 631 F.3d 1218, 1230 (11th Cir. 2011) (for First Amendment purposes plaintiff sought to enjoin a university from regulating the access that the general public had to a university campus).

On a related point, a First Circuit district court held that a college student who was on a partial campus ban was not deprived of a right to use the public pool on campus or attend a campus "pinning" ceremony because these activities were

unrelated to the plaintiff's association with the college as either a student or employee and plaintiff was essentially a member of the public. *Price v. Mount Wachusett Community College,* No. 11-10922-FDS, 2012 U.S. Dist. LEXIS 118185, at *21-22 (D. Mass.  Feb. 17, 2012) ("[Plaintiff] offers no case law suggesting that, as a member of the public, she had a constitutionally protected interest in access to a state-college campus for these purposes.").

Here, Plaintiff was neither a student nor a university employee at the time the no trespass order was issued. [*First Amended Complaint,* Doc. #1 at ¶ 16]. Under federal law, Plaintiff did not have a constitutionally protected interest in accessing ASU's campus. Therefore, Plaintiff's procedural due process claim should be dismissed.

For the reasons discussed above, Plaintiff's allegations also fail to support a stigma-plus claim.  The elements of a stigma-plus claim are: "(1) governmental defamation and (2) an alteration in legal status." *Guttman v. Khalsa,* 669 F.3d 1101, 1125 (10th Cir. 2012). "The stigma-plus authorities emphasize that 'defamation, standing alone, [is] not sufficient to establish a claim for deprivation of a liberty interest.'" *Id.*  "[I]t is necessary that the alleged stigmatization be entangled with some further interest...." *Allen v. Denver Public  Sch. Bd,,*  928 F.2d 978, 982 (10th Cir. 1991), *overruled on other grounds by Kendrick v. Penske Transp. Services, Inc.,* 220 F.3d 1220, 1228 (10th Cir. 2000).

8

Plaintiff cannot meet either element of a stigma-plus claim. But even if he could meet the defamation element, he cannot show any alteration in his legal status. As discussed above, being banned from campus does not amount to a legal change in status because Plaintiff does not have a federal constitutionally protected interest in accessing ASU's campus. *See Uzoukwu,* No. DKC 12-3228, 2013 U.S. Dist. LEXIS 115262, at *32 (plaintiff failed to state a claim for a stigma-plus violation where he did not have a constitutional protected interest in accessing community college facilities). Additionally, Plaintiff's allegations are insufficient to state a deprivation of a liberty or property interest because they only allege "speculative future harm … as a result of the generalized damage to his reputation." *Phelps v. Wichita Eagle-Beacon,* 886 F.2d 1262, 1268 (10th Cir. 1989). Therefore, Plaintiff's stigma-plus claim should be dismissed.

**B.    Defendants are entitled to qualified immunity.**

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. [*First Amended Complaint,* Doc. #141-1 at ¶ 6]. Qualified immunity is a defense that a public official has to a § 1983 claim when sued in his or her individual capacity. *Medina v. Cram,* 252 F.3d 1124, 1128 (10th Cir.  2001). "Qualified immunity protects governmental officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Weise v. Casper,* 593 F.3d 1163, 1166 (10th

Cir. 2010) (internal quotation marks omitted).[2] To overcome the defense of qualified immunity a plaintiff bears "a heavy two-part burden." *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995). A plaintiff must demonstrate that (1) the facts alleged make out a violation of a constitutional or statutory right, and (2) that the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Medina,* 252 F.3d at 1128.

In determining whether a right was clearly established, judges "look for Supreme Court or Tenth Circuit precedent on point or clearly established weight of authority from other courts finding the law to be as the plaintiff maintains." *Lundstrom v. Romero,* 616 F.3d 1108, 1119 (10th Cir. 2010). The right has to be sufficiently clear so that a person in the defendant's shoes would understand that what he or she did violated that right. *Casey v. W. Las Vegas Indep. Sch. Dist.,* 473 F.3d 1323, 1327 (10th Cir. 2007).

As discussed above, federal law reflects that it is not clearly established that a member of the general public has a constitutionally protected interest in accessing ASU's campus. Therefore, Plaintiff's allegations are insufficient to overcome the defense of qualified immunity.

---

[2] If Plaintiff sought damages against Defendants in their official capacities their relief would be barred as state officials are not "persons" for purposes of § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 65-66, 71 (1989). Nor, under the Eleventh Amendment, can Plaintiff recover on a declaratory judgment claim against state officers for past violations. *Johns v. Stewart,* 57 F.3d 1544, 1553 (10th Cir. 1995).

### C. Plaintiff does not state a claim for injunctive relief.

Plaintiff seeks "interim and permanent" injunctive relief to lift the no trespass order. [*First Amended Complaint,* Doc. #41-1 at ¶ 120, 134, 142, 154]. A preliminary injunction hearing has been held in this case, and the Court has denied Plaintiff's request for a preliminary injunction with respect to his due process claim. To the extent Plaintiff again requests this Court for a preliminary injunction, the renewed request should be denied for the same reasons articulated by the Court in the record. [*See Courtroom Minutes,* Doc. #30, March 17, 2016].

"In general, 'a preliminary injunction is an extraordinary remedy; it is the exception rather than the rule.'" *GMC v. Urban Gorilla, LLC,* 500 F.3d 1222, 1226 (10th Cir. 2007) (quoting *GTE Corp. v. Williams,* 731 F.2d 676, 678 (10h Cir. 1984)). "[T]he right to relief must be clear and unequivocal." *Greater Yellowstone Coalition v. Flowers,* 321 F.3d 1250, 1256 (10th Cir. 2003).

The required elements for a preliminary injunction are: "(1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest." *Dominion Video Satellite, Inc., v. Echostar Satellite Corp.,* 269 F.3d 1149, 1154 (10th Cir. 2001). "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable harm that will surely result without their issuance." *Schrier v. University of*

11

*Colorado,* 427 F.3d 1253, 1267 (10th Cir. 2005).  The elements of a permanent injunction are the same as a preliminary injunction expect "actual" success on the merits must be shown. *Prairie Band Potawatomi Nation v. Wagnon,* 476 F.3d 818, 822 (10th Cir. 2007). For the reasons discussed above, and in response to Plaintiff's third and fourth claims, he will not succeed on the merits. As explained more completely below, Plaintiff's allegations also fail to satisfy the remaining elements for injunctive relief.

### 1.   Plaintiff's allegations fail to demonstrate irreparable harm.

"[C]ourts have consistently stated that 'because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered.'" *Dominion Video Satellite, Inc., v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004) (quoting *Reuters Ltd. v. United Press Int'l, Inc.,* 903 F.2d 904, 907 (2nd Cir. 1990). "Establishing irreparable harm is 'not an easy burden to fulfill.'" *Hunter v. Hirsig,* 614 F. App'x 960, 962 (10th Cir. 2015) (quoting *Greater Yellowstone Coalition,* 321 F.3d at 1258).

"In defining the contours of irreparable harm, case law indicates that the injury 'must be both certain and great, and that it must not be merely serious or substantial." *Dominion Video Satellite, Inc.,* 356 F.3d at 1262 (quoting *Prairie Band of Potawatomi Indians v Pierce,* 253 F.3d 1234, 1250 (10th Cir. 2001) (internal

citation and quotations omitted). To obtain injunctive relief, the injury complained

of must be "of such *imminence* that there is clear and present need for equitable

relief to prevent irreparable harm." *Heideman v. South Salt Lake,* 348 F.3d 1182,

1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC,* 758 F.2d 669, 674 (D.C. Cir.

1985) (emphasis in original) (brackets, citations and internal quotation marks

omitted).

A delay in filing a motion for injunctive relief may be taken as an indication

that the harm would not be serious enough to justify a preliminary injunction.

*Utah Gospel Mission v. Salt Lake City Corp.,* 316 F. Supp. 2d, 1201, 1221 (D. Utah

2004). Here, though the no trespass order was delivered to Plaintiff on October 14,

2015 [First Amended Complaint, Doc. #41-1 at ¶ 6], he did not move for a

preliminary injunction until February 10, 2016. Accordingly, the almost four

month delay in filing the motion for preliminary injunction undercuts Plaintiff's

argument that he will sustain irreparable harm unless the proposed injunction is

granted.

Moreover, as discussed above, Plaintiff did not have a constitutionally

protected interest in accessing ASU's campus. Accordingly, Plaintiff cannot sustain

a claim for a due process violation. *See e.g. Moore,* No. 01-7264, 2002 U.S. App.

LEXIS 19742, at *3. Additionally, in *Hunter*, the Tenth Circuit held that allegations

to a litigant's reputation do not rise to the level of irreparable harm. *Hunter,* 614 F.

App'x at 963 ("[Plaintiff's] challenge is meritless because, as a matter of well-settled

13

law, allegations of reputational injury *do not* rise to the level of irreparable harm that could justify injunctive relief.") (emphasis in original); *see Schrier,* 427 F.3d at 1267 ("[Plaintiff] made no attempt to apprise this court of any evidence in the record showing actual or significant risk of loss of prestige, academic reputation or professional opportunities that cannot be remedied by money damages."). "The Supreme Court has expressly held that even if the record reflects 'a satisfactory showing … that [the litigant's] reputation would be damaged as a result of the challenged agency action, … the showing [will] fall far short of the type of irreparable injury which is a necessary predicate to the issuance of a[n] … injunction.'" *Hunter,* F. App'x at 963 (quoting *Sampson v. Murray,* 415 U.S. 61, 91-92 (1974)). Moreover, Plaintiff's allegations of reputational injury target past harm and do not allege any future harm. [*First Amended Complaint,* Doc. #41-1 at ¶ 75 ("As a result, his professional reputation has been *harmed*…" (emphasis added)]. Injunctive relief is not a device to remedy past harm. *Schrier,* 427 F.3d at 1267.

Plaintiff also alleges that the no trespass order is threatening his livelihood. [*First Amended Complaint,* Doc. #41-1 at ¶ 48-56]. As discussed above, Plaintiff was not employed by ASU at the time the no trespass order issued. The allegations in Plaintiff's First Amended Complaint reflect that after the no trespass order was issued, ASU still allowed him to come onto the campus to meet contractual obligations. He was allowed on campus to film "The Nutcracker Ballet" and to film an art gallery opening. [*First Amended Complaint,* Doc. #41-1 at ¶ 78-80].

14

Plaintiff alleges that he has a long-running relationship with the Southern Colorado Film Festival and that as a result of the no trespass order he missed the 2015 festival. [*Id.* at ¶ 57]. Plaintiff does not allege that he requested to attend the film festival and was turned down. Moreover, a request for injunctive relief cannot be used to remedy past harm. *Schrier,* 427 F.3d at 1267.

Plaintiff's allegation that he is being denied educational, intellectual, and cultural programs on campus suffers from a similar lack of specificity. [*First Amended Complaint,* Doc. #41-1 at ¶ 57]. In his First Amended Complaint the only two specific events that Plaintiff alleged requiring immediate action by the Court were (1) unspecified university sponsored preparations for a summer trip to Peru; and (2) a student play he wants to attend. [*First Amended Complaint,* Doc. #41-1 at ¶ 54; 57]. The parties have discussed Plaintiff's attendance at any events related to the Peru trip, and Defendants have committed to resolving any issue related to on-campus pre-trip activities. At this point no such activities have been scheduled, and Plaintiff has neither requested nor been denied permission to attend them. Plaintiff's allegations regarding his attendance at the play do not rise to the level of irreparable harm which requires that the alleged harm be "both certain and great" and something more than "merely serious or substantial." *Dominion Video Satellite, Inc.,* 356 F.3d at 1262 (quoting *Pierce,* 253 F.3d at 1250 (internal citation and quotations omitted)).

15

**2. The allegations do not show that the threatened injury to Plaintiff outweighs the injury to the Defendants nor do the allegations show that the proposed injunction would not be adverse to the public interest.**

A university has an interest in providing order and safety for a campus. *See Collins v. University of New Hampshire,* 664 F.3d 8, 25 (1st Cir. 2011). On the other hand, as previously discussed, Plaintiff, a non-student and non-employee of ASU does not have a constitutionally protected interest in accessing the campus. *See e.g. Moore,* No. 01-7264, 2002 U.S. App. LEXIS 19742, at *3. Therefore, Plaintiff cannot satisfy the final two elements for injunctive relief.

## II.   The third claim should be dismissed.

Plaintiff's third claim alleges a Fourteenth Amendment Equal Protection violation based on a "class of one theory." [*First Amended Complaint,* ¶ 135-142]. Under the Equal Protection Clause of the Fourteenth Amendment, "[n]o State shall … deny to any person within its jurisdiction the equal protection of the laws." *U.S. CONST. Amend. XIV* § 1.  In *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000), the United States Supreme Court held that a plaintiff who is not a member of a protected class may prevail on an equal protection claim by showing "that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."   However, in *Engquist v. Oregon Department of Agriculture,* 553 U.S. 591, 598 (2008), the Court limited the

16

availability of the "class of one" theory by holding that it does not apply in the public employment context. The Court stated that:

> [S]ome forms of state action … by their nature involve discretionary decisonmaking based on a vast array of subjective, individualized assessments. In such cases … treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

*Id.* at 603.

A Colorado district court held that *Engquist* "strongly suggests that class-of-one Equal Protection Clams subject to rational basis review do not apply in the school discipline context because interpreting the import of such actions turns on assessing the discretionary actions of the teacher." *C.S. v. Platte Canyon-School District No. 1,* No. 12-cv-03358-CMA-BNB, 2014 U.S. Dist. LEXIS 134415, at *37 (D. CO September 23, 2014). A Fourth Circuit district court held that "[m]uch like deciding what grade to give a student or what discipline to impose, an educational institution's decisions about restricting access to its campus facilities implicates subjective, individualized assessments." *Uzoukwu,* No. DKC 12-3228, 2013 U.S. Dist. LEXIS 11562, at *30 (citing *Souders v. Lucero,* 196 F.3d 1040, 1044-46 (9th Cir. 1999)). Likewise, in this case, ASU's decision to ban Plaintiff from the campus for security reasons was a discretionary action that does not support an equal protection "class of one" claim.

Moreover, under the pleading standards articulated in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), conclusory allegations are insufficient to state a class-of-one claim. *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011) ("[P]laintiffs must offer enough specific factual allegation to 'nudge[] their claims across the line from conceivable to plausible.'") (citation omitted). Here, Plaintiff's allegations fail to identify any similarly situated individual who received different treatment under similar circumstances.

### A.    The Defendants are entitled to qualified immunity.

Plaintiff's equal protection claim also fails to overcome the defense of qualified immunity. In particular, the First Amended Complaint fails to demonstrate that it was clearly established law that a "class of one" theory applies to members of the general public wanting access to a public university campus. Therefore, Plaintiff's third claim should be dismissed.

### III.    The fourth claim for relief should be dismissed.

Plaintiff's fourth claim alleges that the campus ban violates his First Amendment right to information by denying him access to cultural and educational opportunities. [*First Amended Complaint,* Doc. #41-1 at ¶ 144]. In particular Plaintiff alleges that the San Luis Valley is a "library desert" and that the ban denies Plaintiff use of ASU's library. [*Id.* at ¶ 59].

18

To prevail on a § 1983 claim, a plaintiff must prove two elements: "(1) deprivation of a federally protected right by (2) an actor acting under color of state law." *D.T. ex. rel. MT v. Indep. Sch. Dist. No. 16,* 894 F.2d 1176, 1186 (10th Cir. 1990). However, as discussed above, Plaintiff does not have a constitutionally protected interest in accessing ASU's campus. Moreover, Plaintiff resides in Alamosa [*First Amended Complaint,* Doc. #41-1 at ¶ 9] and Alamosa has a library besides the one at ASU.[3]

## A.   The Defendants are entitled to qualified immunity.

Plaintiff's First Amendment claim also fails to overcome the defense of qualified immunity as it does not demonstrate that it was clearly established law that a member of the general public can maintain a claim for the denial of information where he does not have a constitutionally protected interest in accessing ASU's campus. Therefore, Plaintiff's third claim should be dismissed.

---

[3] On a 12(b)(6) motion to dismiss courts may consider "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issue & Rights, Ltd.,* 551 U.S. 308, 322 (2007). Courts have taken judicial notice of facts obtained from websites like Mapquest and Google. *Pahls v. Thomas,* 718 F.3d 1210, 1216 n.1 (10th Cir. 2013). Courts have taken judicial notice of government websites. *N. M. ex rel. Richardson v. BLM,* 565 F.3d 683, 702 n. 22 (10th Cir. 2009); *O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."). Here, the fact that Alamosa has a public library is demonstrated by the website alamosalibrary.org/.

## CONCLUSION

For the reasons stated herein, Plaintiff's first, third and fourth claims in the

First Amended Complaint should be dismissed.


CYNTHIA H.COFFMAN

Attorney General

*s/Patrick L. Sayas*

KATHTLEEN SPALDING*
PATRICK L. SAYAS*
Senior Assistants Attorney General
Tort Litigation
Civil Litigation and Employment Law Section
Attorneys for Defendants

1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone:  720-508-6633
                       720-508-6634
FAX:  720-508-6032
E-Mail:  pat.sayas@coag.gov
              kit.spalding@coag.gov
*Counsel of Record

<u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing State Defendants' Partial Motion to Dismiss the First Amended Complaint by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 14th day of April 2016, addressed as follows:

N. Reid Neureiter
Kayla Scroggins
Wheeler Trigg O'Donnell L.L.P.
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647

Mark Silverstein
Sara R. Neel
American Civil Liberties Union
Foundation of Colorado
303 E. 17th Avenue, Suite 350
Denver, CO 80203

*s/ Mary Brown*